UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES OJIDA, JR.,

       Plaintiff,

v.

              8:15-CV-1206
              (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF MARK A. SCHNEIDER<br> Counsel for Plaintiff<br>57 Court Street<br>Plattsburgh, New York 12901 | MARK A. SCHNEIDER, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF REG'L GEN. COUNSEL–REGION II<br> Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, New York 10278 | SANDRA M. GROSSFELD, ESQ.<br>Special Assistant U.S. Attorney |

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

    Currently before the Court, in this Social Security action filed by James Ojida, Jr. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") seeking Disability Insurance Benefits pursuant to 42 U.S.C. § 405(g), are (1) United States Magistrate Judge William B. Mitchell Carter's Report-Recommendation recommending that the Commissioner's decision be affirmed and Plaintiff's Complaint be dismissed in its entirety, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 27, 28.) For the reasons set forth below, the Report-Recommendation is accepted and adopted.

I.   **RELEVANT BACKGROUND**

   A.   **Relevant Procedural History**

Plaintiff was born on December 6, 1967. (T. 133.) He completed the 8th grade. (T. 332.) Generally, Plaintiff's alleged disability consists of nerve damage at C4-7, ruptured discs, spina stenosis, radiculopathy of the spine, nerve damage in his arms and right leg, sciatica, diabetes, and rheumatoid arthritis. (T. 133.) He previously worked as a floor installer. (T. 332.)

On March 4, 2011, Plaintiff applied for a period of Disability Insurance Benefits under the Social Security Act. (T. 133.) Plaintiff's application was initially denied, after which he requested a hearing before an Administrative Law Judge ("ALJ"). On November 30, 2012, after a hearing, ALJ Arthur Patane issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 140-154.) On March 29, 2013, the Appeals Council remanded Plaintiff's case for further proceedings. (T. 155-158.) On April 14, 2014, after another hearing, ALJ Patane issued a written decision again finding Plaintiff not disabled under the Social Security Act. (T. 8-30.) On September 30, 2015, the Appeals Council denied Plaintiff's request for further review, rendering the ALJ's April 2014 decision the final decision of the Commissioner. (T. at 1-7.)

On March 28, 2014, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

   B.   **Magistrate Judge Carter's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered the following four findings of fact and/or conclusions of law: (1) substantial evidence supported the ALJ's determination regarding Plaintiff's residual functioning capacity ("RFC"), as well as the ALJ's determination to (generally) afford less weight to the opinions of Plaintiff's treating

sources (e.g., Jayant Jhaveri, M.D., David Dempsey, N.P., Joshua Frank, M.D.) and than to the opinions of Plaintiff's consultative examiners (e.g., Nader Wassef, M.D., David Welch, M.D., and Richard Liotta, Ph.D.); (2) substantial evidence supported the ALJ's step-two determination of Plaintiff's impairments, both severe and non-severe (and, in any event, any error in failing to failing to specifically account for Plaintiff's fibromyalgia was harmless, given the record evidence); (3) substantial evidence supported the ALJ's credibility determination, because the ALJ properly employed the two-step analysis to evaluate Plaintiff's reported systems, and an ALJ does not have to discuss the side effects of a claimant's pain medication where (as here) he discusses the claimant's medication and the ALJ's reasoning and adherence to the regulations is clear; and (4) substantial evidence supported the ALJ's step-five determination because, for the same reason there was no error in the ALJ's RFC assessment, he was permitted to pose a hypothetical question to the vocation expert that was based on that assessment. (Dkt. No. 27, at Part IV.)

      **C.**     **Plaintiff's Objections to the Report-Recommendation**

Generally, in his Objections, Plaintiff asserts fifteen arguments: (1) the Magistrate Judge failed to give to sufficient weight to the findings and opinions of Plaintiff's treating physician Dr. Jhaveri; (2) the Magistrate Judge failed to give to sufficient weight to certain of the findings and opinions of Plaintiff's consultative examiner Dr. Wassef, and too much weight to other of Dr. Wassef's findings and opinions; (3) the Magistrate Judge failed to give any weight to an electromyography ("EMG") report of December 18, 2015; (4) the Magistrate Judge gave too much weight to certain of the findings and opinions of consultative examiner Dr. Welch, and too little weight to other of Dr. Welch's findings and opinions; (5) the Magistrate Judge gave too

little weight to certain of the findings and opinions of consultative examiner Dr. Liotta; (6) the Magistrate Judge gave too little weight to the findings and opinions of treating psychiatrist Dr. Frank; (7) the Magistrate Judge erred by concluding that Plaintiff's conditions of diabetes, cellulitis and fibromyalgia were not severe; (8) the Magistrate Judge erred by concluding that Plaintiff was not credible regarding his limitations; (9) the Magistrate Judge erred by not giving weight to Plaintiff's good work history; (10) the Magistrate Judge erred by finding that the ALJ did not have to discuss the side effects of Plaintiff's pain medication; (11) the Magistrate Judge erred by accepting the ALJ's conclusion that Plaintiff had the RFC to perform light work; (12) no reasonable person could conclude that Plaintiff was able to perform the light work identified by the vocational expert; (13) the Magistrate Judge erred in limiting Plaintiff's brief to 35 pages; (14) the Magistrate Judge erred in not permitting Plaintiff to file a "sur sur reply" brief; and (15) the Magistrate Judge erred in denying Plaintiff's appeal. (Dkt. No. 28.)

### D. Defendant's Response to Plaintiff's Objections

Generally, in her response to Plaintiff's Objections, Defendant asserts thirteen arguments: (1) because Plaintiff's Objections merely repeat arguments asserted in his brief in support of his motion for judgment on the pleadings before the Magistrate Judge, the findings of fact and conclusions of law challenged by those Objections are entitled to only a clear-error review; (2) even if the findings of fact and conclusions of law challenged by those Objections were entitled to *de novo* review, they would survive that review, for the reasons stated in Defendant's underlying brief before the Magistrate Judge, as well as the Report-Recommendation; (3) more specifically, Plaintiff's first, second, fourth, fifth and sixth objections point to no error but reveal merely a disagreement with the Magistrate Judge's well-considered and well-supported

conclusions; (4) Plaintiff's third objection is without merit because the EMG report was not contained in the administrative record, it was not material and it was not shown to be previously unavailable; (5) Plaintiff's seventh objection, the Magistrate Judge extensively discussed this issue and properly found no error in the ALJ's analysis; (6) Plaintiff's eighth objection, the Magistrate Judge carefully assessed the ALJ's credibility finding, and correctly concluded that there was no error in it; (7) Plaintiff's nine objection, this argument should be disregarded because it was never made to the Magistrate Judge, and, in any event, work history is just one of many factors appropriately considered in assessing credibility; (8) Plaintiff's tenth objection, the Magistrate Judge correctly found that this argument does not show any error; (9) Plaintiff's eleventh objection, the Magistrate Judge carefully considered the medical opinions, and correctly found that the ALJ's RFC assessments were supported by substantial evidence; (10) Plaintiff's twelfth objection, this argument is non-specific and appears to be redundant of Plaintiff's eleventh objection; (11) Plaintiff's thirteenth objection, usually only 25 pages is permitted, and in any event, Plaintiff cites no support for the proposition that the denial of a right to a 35-page brief somehow amounts to a lack of substantial evidence for the ALJ's findings; (12) Plaintiff's fourteenth objection, there is no right to a sur-sur reply, and in any event, the denial of such right does not result in a finding of lack of substantial evidence; and (13) Plaintiff's fifteenth objection is both general and without basis. (Dkt. No. 33, at "Argument.")

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review of Magistrate Judge Carter's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

5

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Judicial Review of Defendant's Decision

In Part III.A. of his Report-Recommendation, Magistrate Judge Carter correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 27, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

## III. ANALYSIS

As an initial matter, the Court notes that all of Plaintiff's objections, except his ninth objection (regarding his work history), either repeat arguments he made to Magistrate Judge Carter or are only general in nature. (*Compare* Dkt. No. 33 [Plf.'s Obj.] *with* Dkt. No. 11 [Plf.'s Brief].) As a result, each of those objections (except his ninth objection) is entitled to only a clear-error review. *See, supra,* Part II.A. of this Decision and Order.

Moreover, with regard to Plaintiff's ninth objection, the Court ordinarily refuses to consider an argument that could have been, but was not, presented to the magistrate judge in the

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

first instance. *Id.* The Court exercises its discretion to do so here, for reasons of fairness to Respondent, the efficient use of judicial resources, respect for the Federal Magistrate's Act.

After carefully reviewing all of the papers in this action, including Magistrate Judge Carter's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 27.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

Moreover, even if the Court were to subject the challenged portions of the Report-Recommendation to a *de novo* review, it would find those portions survive that review for the reasons stated in Defendant's response to Plaintiff's Objections (as well as the Report-Recommendation itself). *See, supra,* Parts I.B. and I.D. of this Decision and Order. The Court would add only that it is confident from the record that the ALJ knew that (1) Plaintiff was taking Oxycodone, (2) regular headaches were a possible side effect of Oxycodone, and (3) Plaintiff reported having regular headaches. (*See, e.g.,* Tr. 13-14, 90, 91, 94, 98, 105, 123, 124, 715, 718, 736, 742, 743, 747, 749.) However, the ALJ found that "the record as a whole does not support a finding that his headaches have caused more than minimal limitations in [his] ability to perform basic, work-related activities for a continuous period of 12 consecutive months or more." (T. 13.)[5]

---

[5] The Court notes that "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted). When, as here, "the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 27) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's decision is **AFFIRMED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 10, 2017
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge